UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-CV-311-MU

| WILLIE LEE BERRY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **O R D E R** |
|  | ) |  |
| M. TIMOTHY PORTERFIELD, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court for initial review of Plaintiff's "Legal Malpractice Complaint for Fraudulent Practice" filed on July 7, 2008. (Document No. 1.)

On July 7, 2008, Plaintiff filed a document entitled "Legal Malpractice Complaint for Fraudulent Practice."[1] (Doc. No. 1.) In this document, Plaintiff alleges that his attorney violated his constitutional rights by disclosing information protected by attorney client privilege to the prosecuting attorney after Plaintiff's attorney withdrew from the case. Plaintiff claims that after his withdrawal from the case, his attorney disclosed information to the Assistant United States Attorney that he learned in interviews with witnesses while preparing for the case. Plaintiff also argues that his attorney was acting under "color of law" when he disclosed the information because he was cooperating with the government. Plaintiff states that this Court has jurisdiction over his claims pursuant to North Carolina General Statute § 84-13 and Title 28 of the United

---

[1] Though Plaintiff characterizes his motion as a "legal malpractice complaint," he alleges violations of civil rights protected by several constitutional amendments and 42 U.S.C. § 1983. Therefore, this Court will treat the instant complaint as a § 1983 Complaint.

1

States Code § 1331. Plaintiff argues that his attorney's behavior violated his fifth, sixth, and fourteenth amendment rights, as well as 42 U.S.C. § 1983. Plaintiff requests a trial by jury as well as damages totaling four million dollars ($4,000,000.00).

As an initial matter, this Court notes that Plaintiff filed two Complaints containing identical allegations in 2001, both of which were dismissed for failure to state a claim upon which relief can be granted.[2] As the claims have already been adjudicated on the merits, the doctrine of res judicata prevents Plaintiff from bringing them again. In addition, Plaintiff's Complaint centers on the behavior of his attorney in the year 1998. It is now 2008, well past the three- year statute of limitations on a § 1983 claim. Plaintiff's Complaint is therefore untimely.

Regarding jurisdiction, this Court notes that North Carolina General Statutes apply only to state courts, not federal courts. Therefore, jurisdiction is not based on N. C. Gen. Stat. § 84-13. Plaintiff rightly argues that 28 U.S.C.A. § 1331 gives District Courts jurisdiction over federal issues. However, legal malpractice is not a federal issue and therefore jurisdiction is not established by 28 U.S.C.A. § 1331 in the present case.

As stated by this Court in its Order dismissing Plaintiff's previously filed Complaint under 42 U.S.C. § 1983, "It is well settled that neither privately retained counsel, court-appointed counsel, nor a public defender is subject to liability under 42 U.S.C. § 1983 absent a showing that counsel was acting under 'color of law' at the time of the alleged deprivation." (See Order of Dismissal at 2, Case No. 3:01-CV-627-MU, Doc. No. 2, citing Hall v. Ouillen, 631 F.2d 1154 (4th Cir. 1980) (affirming dismissal of 42 U.S.C. § 1983 action against court-appointed attorney

---

[2] See Case No. 3:01-CV-407-MU, Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255(Doc. No. 1) filed on July 12, 2007 (Dismissed); Case No. 3:01-CV-627-MU, Form Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1) filed on November 19, 2001 (Dismissed).

as lacking "state action" and therefore failing to state a claim)). Though Plaintiff claims that his attorney was acting under "color of law" by cooperating with the government, this Court has already held that "such [a] naked assertion is wholly insufficient under the circumstances." (Order of Dismissal at 3, Case No. 3:01-CV-627-MU, Doc. No. 2.) Therefore, this Complaint cannot be brought under 42 U.S.C. § 1983.

At the heart of the Complaint, Plaintiff appears to be challenging his conviction based on the ineffective assistance of his counsel. Such a claim must be brought pursuant to 28 U.S.C. § 2255. As previously noted, this Court has already dismissed Plaintiff's § 2255 Motion, filed in 2001, in which Plaintiff brought identical allegations. The Court found that he failed to state a claim upon which relief could be granted. (Order of Dismissal, Case No. 3:01-CV-407-MU, Doc. No. 7.) Petitioner's previous § 2255 filing would make the instant filing a second or successive petition under the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). See 28 U.S.C. § 2255. The AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the District Court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Thus, this Court may not consider the merits of the instant motion pursuant to 28 U.S.C. § 2255 because the movant has failed to first certify his motion with the Fourth Circuit Court of Appeals before filing it in the District Court.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Legal Malpractice Complaint for

3

Fraudulent Practice" (Doc. No. 1) is **DISMISSED** for failure to state a claim upon which relief can be granted.

**SO ORDERED**.

Signed: August 1, 2008

Graham C. Mullen
United States District Judge